UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH,<br><br>        Plaintiff,<br><br>    v.<br><br>J. PAREDES, et al.,<br><br>        Defendants. | Case No. 21-cv-03120-JST<br><br>**ORDER DENYING REQUEST FOR DEFAULT JUDGMENT AS TO DEFENDANT PAREDES**<br><br>Re: ECF No. 35 |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983, alleging that SVSP prison doctors Gamboa and Paredes were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment. ECF Nos. 14, 15. Now pending before the Court is Plaintiff's request that the Court enter default judgment against defendant Paredes for failing to timely respond to the summons and complaint. ECF No. 35. Plaintiff states that on April 25, 2022, he was informed by Defendants' counsel that defendant Paredes had appeared in this action, and that defendant Paredes has failed to timely answer the complaint. ECF No. 35. Plaintiff's request is DENIED. Defendant Paredes has answered the complaint. Defendant Paredes appeared in this action on April 18, 2022 by filing a waiver of reply, which constitutes a valid response to the complaint,[1] and jury demand. ECF No. 27. There is no indication that this waiver of reply was untimely.[2] Moreover, where a clerk of

---

[1] 42 U.S.C. § 1997e(g)(1) allows a defendant responding to an action brought by a prisoner under 42 U.S.C. § 1983 to file a waiver of reply in lieu of an answer. 42 U.S.C. § 1997e(g)(1). A waiver of reply pursuant to 42 U.S.C. § 1997e(g)(1) in lieu of an answer complies with Fed. R. Civ. P. 12(a)(1)(A)(i).

[2] Fed. R. Civ. P. 12(a)(1)(A)(i) requires a defendant to serve an answer within twenty-one days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). The date the Court's order of service is filed is not necessarily the date that defendants are served with that order of service. It is unclear from the record when service was effected on defendant Paredes.

1  court has not entered default against a defendant, as in the case here, a motion for default

2  judgment against that defendant is improper.  *Ardalan v. McHugh*, No. 13-CV-01138-LHK, 2013

3  WL 6212710, at *23 (N.D. Cal. Nov. 27, 2013); *see also Norman v. Small*, No. 09CV2235 WQH

4  NLS, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying default judgment because clerk

5  had not entered default).

6        This order terminates ECF No. 35.

7  **IT IS SO ORDERED.**

8  Dated:  June 3, 2022



JON S. TIGAR
United States District Judge